**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 12, 2026

By ECF
Hon. Arun Subramanian
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Gayle v. Mullin*, No. 26-cv-4955 (AS)

Dear Judge Subramanian:

      This Office represents the government in the above-referenced habeas corpus matter. Yesterday, the Court issued an order directing the government to file a letter by 5:00 p.m. "stating whether they object to the relief sought in the petition in light of *Velasco Lopez v. Decker*, 978 F.3d 842 (2d Cir. 2020)." ECF No. 3. I write respectfully to provide that response. The government objects to the relief in the petition and intends to file a response on the merits.[1]

      To that end, the parties have conferred and respectfully request that the Court endorse the following schedule (and to enter an order with the standard injunctions on transfer):

- Petitioner shall file an amended petition by July 1, 2026
- Respondents shall file a response to the amended petition by July 10, 2026
- Petitioner shall file a reply by July 17, 2026

      I thank the Court for its consideration of this submission.

The Court adopts the parties' proposed schedule.
SO ORDERED.

*(signature)*

Arun Subramanian, U.S.D.J.
Date: June 12, 2026

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Brandon M. Waterman*
      BRANDON M. WATERMAN
      Assistant United States Attorney
      Telephone: (212) 637-2743
      E-mail: brandon.waterman@usdoj.gov

cc: Counsel of Record (by ECF)

---

[1] In *Velasco Lopez*, the Second Circuit did not affirm the district court's holding about the allocation of the burden at all 8 U.S.C. § 1226(a) bond hearings, and instead affirmed on alternative grounds of prolonged detention. In doing so, the Second Circuit did not establish a bright-line rule for what constitutes prolonged detention, and it instead held that, on the specific facts of the case, Velasco Lopez's 15-month detention had become unconstitutionally prolonged. In this case, Petitioner has been detained for approximately six and a half months.